IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THEODORE A. DALESSI,<br><br>                Plaintiff,<br><br>vs.<br><br>GORDON LAHAYE, et. al.,<br><br>                Defendants. | ORDER & MEMORANDUM DECISION<br><br><br><br>Case No. 2:04 CV 503 TC |

      Theodore Dalessi filed this lawsuit against his former employer, Summit Financial Resources, L.P., and Summit's chief executive officer, Gordon LaHaye. Mr. Dalessi asserted various causes of action, including breach of contract, defamation, and intentional infliction of emotional distress. Summit quickly filed a counterclaim against Mr. Dalessi, essentially alleging that Mr. Dalessi had perpetrated fraud upon the company.

      On the motion of Summit and Mr. LaHaye, the court dismissed all of Mr. Dalessi's causes of action except for his claim that Summit breached his employment contract. (See Order 1-2 (dkt. #11).) Now before the court is Summit's motion for summary judgment on Mr. Dalessi's breach of contract claim and on the bulk of its counterclaim against Mr. Dalessi. Mr. Dalessi concedes the material facts supporting Summit's claims against him and, therefore, Summit is entitled to summary judgment on its claims of fraud, civil conspiracy, breach of an employment agreement (including the covenant of good faith and fair dealing), and unjust enrichment. But as the record now stands, the court lacks sufficient information to enter a

damages award.

## Background

Summit provides accounts-receivable financing to businesses. As part of its business, Summit employs "brokers" who attempt to attract borrowers to Summit. Additionally, Summit maintains relationships with third-party brokers who refer business to Summit. If an independent broker refers a borrower to Summit, that broker receives a referral commission based on a percentage of the money Summit makes off the transaction. Summit alleges that Mr. Dalessi impermissibly exploited Summit's practice of providing independent brokers with referral commissions and that he unjustly obtained financial benefit as a result of his actions.

At the time the alleged fraud took place, Mr. Dalessi was Summit's senior vice president and director of sales. As such, Mr. Dalessi was not eligible to receive referral commissions. Seeking to circumvent that prohibition, Mr. Dalessi contacted John Porter and proposed that they trick Summit into paying referral commissions on business that Mr. Dalessi generated as a Summit employee. The plan was simple. Mr. Dalessi falsely indicated that certain accounts had been referred to Summit by Mr. Porter. Summit would then pay Mr. Porter a commission. Mr. Porter, in turn, would provide Mr. Dalessi with 95% of the commission paid by Summit. The two men set up a company called Bridge Financial Services, LLC, and represented to Summit that Bridge Financial was Mr. Porter's company.

Summit maintains that it paid $67,442.03 in fraudulent commissions to Mr. Porter and Bridge Financial, and that Mr. Dalessi ultimately received $64,069.93 of that money. In relation to those losses, Summit has recovered $50,061.73 from Federal Insurance Company, $15,380.00 from Great American Insurance Group, and $10,000.00 from a settlement with Mr. Porter. These recoveries total $75,441.73.

**Applicable Standard**

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). The court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

**Analysis**

Mr. Dalessi makes no attempt to refute Summit's substantive factual allegations. Rather, Mr. Dalessi (1) challenges the admissibility of the affidavit submitted by Mr. LaHaye in support of Summit's summary judgment motion, (2) asserts that his actions did not violate his employment agreement, and (3) claims that Summit suffered no harm as a result of his actions. Each of Mr. Dalessi's contentions lacks merit.

1.   *Affidavit of Mr. LaHaye*

Mr. Dalessi argues that Mr. LaHaye's affidavit, which provides the evidentiary support for Summit's motion, is not based on personal knowledge. Mr. Dalessi is correct that Mr. LaHaye's affidavit provides little information about how he is aware of the facts to which he testifies. But a review of that affidavit establishes that Mr. LaHaye's knowledge can be inferred given his position at Summit. See Told v. Tig Premier Ins. Co., 149 Fed. Appx. 722, 725 (10th Cir. 2005) ("[G]enerally Rule 56(e)'s requirement of personal knowledge and competence to

testify may be inferred if it is clear from the context of the affidavit that the affiant is testifying from personal knowledge."). Accordingly, Mr. LaHaye's affidavit is admissible.

*2.     Employment Contract*

Mr. Dalessi asserts that because his employment agreement failed to expressly prohibit his actions, Summit cannot recover on the basis of that agreement. Under Utah law, "[a]n implied covenant of good faith and fair dealing inheres in every contract." Eggett v. Wasatch Energy Corp., 94 P.3d 193, 197 (Utah 2004). "To comply with the obligation to perform a contract in good faith, the party's actions must be consistent with the agreed common purpose and justified expectations of the other party." Andalex Res., Inc. v. Myers, 871 P.2d 1041, 1047 (Utah Ct. App. 1994).

Mr. Dalessi admits that he was not entitled to receive referral commissions, it follows that any action taken by him to secure those commissions would be inconsistent with his employment agreement. This is the case even though Summit did not preemptively and expressly prohibit all of those actions in the parties' contractual agreement. Mr. Dalessi's actions were inconsistent with the implied covenant of good faith and fair dealing and resulted in a material breach of the parties' contract. See Carvel Corp. v. Diversified Mgt. Group, Inc., 930 F.2d 228, 231 (2d Cir. 1991) (violation of implied covenant of good faith and fair dealing can properly be considered a material breach). This material breach excused Summit from its obligations to perform under the contract. See Haynes Trane Serv. Agency, Inc. v. Am. Std., Inc., 51 Fed. Appx. 786, 795 (10th Cir. 2002) ("Fraud that is a prior material breach of a contract may be a viable affirmative defense to a breach of contract claim."); Orlob v. Wasatch Med. Mgt., 124 P.3d 269, 275 (Utah Ct. App. 2005) ("[O]ne party's breach excuses further performance by the non-breaching party if the breach is material."); Coalville v. Lundgren, 930 P.2d 1206, 1209 (Utah Ct. App. 1997)

("The law is well settled that a material breach by one party to a contract excuses further performance by the non-breaching party.").

Accordingly, Summit is entitled to summary judgment in its favor on its own breach of contract claims and is also entitled to summary judgment on Mr. Dalessi's claim that Summit breached the parties' agreement.

### 3. *Summit Suffered Harm*

Mr. Dalessi asserts that summary judgment in Summit's favor is inappropriate because Summit suffered no harm as a result of his actions. Mr. Dalessi argues that this is so because Summit received business and made money on the accounts for which he received referral commissions. But this argument wholly ignores that Summit was improperly deprived of the commission money it paid to Mr. Porter and Bridge Financial. Mr. Dalessi's claim that Summit suffered no harm is simply incorrect.

### 4. *Damages to Summit*

Summit concedes that it has already obtained recoveries from three separate parties. But by Summit's calculation, Mr. Dalessi is still liable to Summit in the amount of $11,090.42. Summit also requests recovery of attorney fees and the imposition of punitive damages. While it is apparent from the record that Summit is entitled to summary judgment on its claims of fraud, civil conspiracy, breach of an employment agreement (including the covenant of good faith and fair dealing), and unjust enrichment, the record is unclear concerning the total amount of recovery to which Summit is entitled.

Accordingly, the court declines to enter a damages award until such time as the record is adequately supplemented by the parties. Critical to the resolution of this issue will be substantiation of Summit's damages calculation, the legal authority upon which Summit bases its

claim for attorney fees, the amount of those fees, and all information relevant to the imposition and determination of punitive damages.

## Conclusion

The undisputed facts establish that Summit is entitled to summary judgment on its claims of fraud, civil conspiracy, breach of an employment agreement (including the covenant of good faith and fair dealing), and unjust enrichment.  Further, Summit is entitled to summary judgment on Mr. Dalessi's claim that Summit violated the parties' employment agreement because Mr. Dalessi's own material breach excused Summit's performance.  Given the uncertain state of the record, however, the court declines to enter a damages award at this time.  Summit Financial Resources, L.P.'s Motion for Partial Summary Judgment Against Theodore A. Dalessi (dkt. #85) is GRANTED in part and DENIED in part.  The liability of Mr. Dalessi to Summit is established, but no damages are awarded until such time as the record is supplemented as outlined above.

DATED this 20th day of September, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge