IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THEODORE A. DALESSI,<br><br>              Plaintiff,<br><br><br>     vs.<br><br><br> GORDON LAHAYE, et al.,<br><br>              Defendants. | ORDER AND MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:04 CV 503 TC |

The court previously granted summary judgment for Summit Financial Resources, L.P. ("Summit") on its claims of fraud, civil conspiracy, breach of an employment agreement (including the covenant of good faith and fair dealing), and unjust enrichment.  (Sept. 21, 2006 Order & Mem. Dec. (dkt. #94).)  At the time of the order, "the court lack[ed] sufficient information to enter a damages award," so the court delayed calculating the award "until such time as the record is adequately supplemented by the parties."  (Id. at 1-2, 5.)

To clarify damages sought, Summit has provided a Supplementation in Support of Damages (dkt. #95).  The court is very familiar with this matter and with Summit's summary judgment motion.  Given the history of the case and the court's order, Summit's requested damages are amply supported.  The time to file an opposition has expired.  See DUCivR 7-1(b). As explained in more detail below, Summit is awarded all damages prayed for in the supplement.

First, Summit is entitled to $11,509.94 based on the precise fraudulent commissions plus prejudgment interest minus amounts already recovered.  Prejudgment interest at a rate of ten percent per annum is appropriate because the fraudulent commissions paid by Summit are precisely calculable.  Utah Code Ann. § 15-1-1(2); <u>Smith v. Fairfax Realty Inc.</u>, 2003 UT 41, ¶ 17, 82 P.3d 1064 ("Utah courts award prejudgment interest in cases where 'damages are complete' and can be measured by 'fixed rules of evidence and known standards of value.'") (quoting <u>Fell v. Union Pac. Ry. Co.</u>, 88 P. 1003, 1007 (Utah 1907)).[1]  After careful consideration of Summit's prejudgment interest calculations, the court finds Summit's request proper.

Additionally, the court finds attorneys' fees appropriate under Utah Code Section 78-27-56 because the action was without merit and not in good faith.[2]  <u>See</u> <u>Cowley v. Porter</u>, 2005 UT App 518, ¶ 50, 127 P.3d 1224 ("To award fees under section 78-27-56, the trial court must make two separate findings: 'that the claim [or defense] is (1) without merit; and (2) not brought or asserted in good faith.'") (quoting <u>In re Discipline of Sonnenreich</u>, 2004 UT 3, ¶ 46, 86 P.3d 712).  The requested attorneys' fees are well documented and eminently reasonable, so the court awards Summit $62,519 of attorneys' fees.

---

[1]Utah law determines prejudgment interest in this diversity case.  <u>Atl. Richfield Co. v. Farm Credit Bank of Wichita</u>, 226 F.3d 1138, 1156 (10th Cir. 2000) ("'A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest.'") (quoting <u>Chesapeake Operating, Inc. v. Valence Operating Co.</u>, 193 F.3d 1153, 1156 (10th Cir. 1999)).

[2]The court looks to Utah law to determine attorneys' fees.  <u>N. Tex. Prod. Credit Ass'n v. McCurtain County Nat'l Bank</u>, 222 F.3d 800, 817 (10th Cir. 2000) ("In a diversity case, the matter of attorney's fees is a substantive legal issue and is therefore controlled by state law.").

Punitive damages are also appropriate under Utah law[3] because Summit established by clear and convincing evidence that Mr. Dalessi's actions were intentionally fraudulent.  Utah Code Ann. § 78-18-1 ("Except as otherwise provided by statute, punitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct . . . .").  The $100,000 punitive damages Summit has requested is significantly less than the amount allowed by Utah courts.  See, e.g., Campbell v. State Farm Mut. Auto. Ins. Co., 2004 UT 34, ¶ 41, 98 P.3d 409 ("[W]e conclude that a 9-to-1 ratio between compensatory and punitive damages . . . serves Utah's legitimate goals of deterrence and retribution within the limits of due process.").  In light of the extended duration and reprehensibility of Mr. Dalessi's conduct, the court grants Summit's request for punitive damages.

Finally, Summit is entitled to post-judgment interest under 28 U.S.C. § 1961.  See Adams-Arapahoe Joint Sch. Dist. No. 28-J v. Continental Ins. Co., 891 F.2d 772, 780 (10th Cir. 1989) ("[T]he federal [post-judgment interest] rate applies, even in diversity actions.").

The court awards Summit damages in the amount of $174,028.94 plus post-judgment interest as necessary from the date this judgment is entered.


SO ORDERED

---

[3]To determine punitive damages in a diversity case, the court applies state law.  See Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc., 98 F.3d 1241, 1244 (10th Cir. 1996).

DATED this 6th day of March, 2007.


BY THE COURT:

TENA CAMPBELL
Chief Judge